UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEDEX REVIEWS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MEDX GLOBAL CLINICAL ADVISORS, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 4:25-cv-4550 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff MedEx Reviews, LLC ("MedEx Reviews") and Defendant MedX Global Clinical Advisors, LLC ("MedX Global") jointly file the following:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.

    The parties met via video conference on November 25, 2025. Felicia J. Boyd attended on behalf of MedEx Reviews. Christian Hurt attended on behalf of MedX Global.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

    None.

3. <u>Briefly</u> describe what this case is about.

    MedEx Reviews alleges that MedX's use of "MEDX" and "MEDEX GLOBAL CLINICAL ADVISORS" in connection with consulting services concerning legal matters in the medical field and related services infringes upon MedEx Reviews common law and federally registered trademark rights in MEDEX REVIEWS for use in connection with expert witness services in legal matters in the field of specialized medical experts offering clinical peer reviews and case analysis, provision of expert legal opinions, and related services.

MedX Global denies Plaintiff's allegations. MedX Global denies any infringement or wrongdoing, contends that the marks at issue are distinguishable in appearance, sound, and commercial impression, and asserts that the parties operate in different segments of the broader medical, insurance, and legal services marketplace. MedX Global also asserts counterclaims seeking declaratory relief regarding non-infringement, invalidity or lack of distinctiveness of Plaintiff's asserted marks, cancellation of Plaintiff's registrations, and related relief concerning registrability under 15 U.S.C. § 1119.

4. Identify any issues as to service of process, personal jurisdiction, or venue.

    None.

5. Federal jurisdiction.

    a. Specify the allegation of federal jurisdiction.

        MedEx Reviews alleges that this Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 15 U.S.C. § 1116, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1651, as this case arises under the Lanham (Trademark) Act, 15 U.S.C. § 1051 *et seq.* MedEx Reviews further alleges that this Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367, as they are so related to the claims in the action within original jurisdiction that they form part of the same case or controversy.

        MedX Global does not deny subject-matter jurisdiction. In addition, MedX Global alleges that this Court has subject-matter jurisdiction over its counterclaims under the same sections of the United States Code listed in the preceding paragraph.

    b. Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.

        None.

    c. If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).

        N/A.

6. List anticipated additional parties that should be included, and by whom they are wanted.

   None.

7. List anticipated interventions.

   None.

8. Describe class-action or collective-action issues.

   None.

9. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

   Neither party has made the initial disclosures required by Rule 26(a). The parties agree that initial disclosures required by Rule 26(a) will be made no later than December 19, 2025.

10. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

    The parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

11. Describe the proposed discovery plan, including:

    a. Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.

       The parties are negotiating an ESI protocol that they intend to submit for entry by the Court.

    b. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

       None.

12. Experts

3

    a.    Are experts needed on issues other than attorneys' fees?

        The parties anticipate the possibility of expert testimony regarding, at least, likelihood of confusion and damages.

    b.    If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.

        N/A.

    c.    The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).

        See Paragraph 14.

    d.    The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).

        See Paragraph 14.

13.    State the date discovery can reasonably be completed.

        See Paragraph 14.

14.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

        The table below reflects the parties' agreed proposal for the completion of discovery.

| Event | Date |
| --- | --- |
| Close of Fact Discovery | June 12, 2026 |
| Opening Expert Reports for Party with Burden of Proof on the Issue | July 10, 2026 |
| Rebuttal Expert Reports | August 10, 2026 |
| Close of Expert Discovery | September 4, 2026 |

15.    Specify the discovery beyond initial disclosures that has been undertaken to date.

        None.

16.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

        The parties anticipate informal, party-to-party negotiations over the next 30 days and then more formal negotiations if necessary.

17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

    The parties believe court-sponsored or private mediation would be reasonably suitable and likely would be effective in late-February 2026.

18. With the consent of all parties, a United States Magistrate Judge may preside and hear jury and nonjury trials. Indicate the parties' joint position on a trial before the Magistrate Judge.

    The parties do not currently consent to a trial before the Magistrate Judge.

19. State whether a jury demand has been made and if it was made on time.

    MedEx Reviews demanded a jury trial in its Complaint. Defendant MedX Global has demanded a trial by jury on all issues so triable.

20. Specify the number of hours it will likely take to present the evidence.

    The parties anticipate approximately 35 hours to present the evidence.

21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

    None.

22. List other pending motions.

    None.

23. List issues or matters, including discovery, that should be addressed at the conference.

    None.

24. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

    MedEx Reviews filed its Disclosure of Interested Parties on October 10, 2025. MedX filed its Disclosure of Interested Parties on November 25, 2025.

Dated: November 26, 2025

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

/s/*J. Devin Wagner*
J. Devin Wagner
Federal ID No. 2433520
State Bar No. 24090451
devin.wagner@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas 77010
(713) 651-5151 - Phone
(713) 651-5246 - Fax

Felicia Boyd (seeking admission *pro hac vice*)
MN Bar No. 0186168
felicia.boyd@nortonrosefulbright.com
60 South Sixth Street, Suite 3100
Minneapolis, MN  55402
(612) 321-2206

***Counsel for Plaintiff MedEx Reviews, LLC***

Dated: November 26, 2025

Respectfully submitted,

**McKOOL SMITH, PC**

/s/*Christian Hurt*
Christian Hurt
State Bar No. 24059987
churt@McKoolSmith.com
300 Crescent Court, Suite 1200
Dallas, TX 75201
(214) 978-4000 - Phone
(214) 978-4044 - Fax

***Counsel for Defendant MedX Global Clinical Advisors, LLC***