**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **MEDEX REVIEWS, LLC,** | |
| **Plaintiff,** | **Case No. 4:25-cv-4550** |
| **vs.** | |
| **MEDX GLOBAL CLINICAL ADVISORS, LLC,** | |
| **Defendant.** | **JURY TRIAL DEMANDED** |

## DEFENDANT MEDX GLOBAL CLINICAL ADVISORS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS

Defendant and Counterclaim Plaintiff MedX Global Clinical Advisors, LLC ("MedX Global"), by and through its undersigned counsel, hereby answers the Complaint (ECF 1) filed by Plaintiff MedEx Reviews, LLC's ("MedEx Reviews" or "Plaintiff") and asserts counterclaims against MedEx Reviews as follows:

## MEDX GLOBAL'S ANSWER TO THE COMPLAINT

The numbered paragraphs below correspond to the numbered paragraphs in the Complaint and constitute MedX Global's responsive admissions, denials, and allegations thereto. Except as otherwise expressly set forth and admitted below, MedX Global denies each and every allegation contained in the Complaint, including without limitation the headings and subheadings.

MedX Global specifically denies liability to Plaintiff, or that Plaintiff has suffered any legally cognizable damage for which MedX Global is responsible. MedX Global expressly reserves the right to amend and/or supplement its answer and defenses.

1

## THE PARTIES[1]

1.      MedX Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies these allegations.

2.      MedX Global admits that it is organized under the laws of Texas and denies that its principal place of business is located at 1911 Bagby Street, Houston, Texas 77002 and that its registered agent is David Balat located at this same address.

## JURISDICTION AND VENUE

3.      To the extent Plaintiff purports to bring a civil action arising under the Lanham (Trademark) Act, MedX Global does not contest, for purposes of this case only, subject matter jurisdiction pursuant to 15 U.S.C. § 1116, 28 U.S.C. §§ 1331, and 1338(a), and supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. MedX Global specifically denies the legal sufficiency of Plaintiff's claims and allegations and further denies that Plaintiff has any viable claim thereunder. To the extent Plaintiff does not have substantially all rights in its asserted trademarks, MedX Global also specifically denies that Plaintiff has standing to bring this lawsuit, and thus denies that this Court has subject matter jurisdiction over this dispute.

4.      The allegations in Paragraph 4 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global admits that its principal place of business is within the Southern District of Texas and that it is doing and has transacted business in this judicial District. MedX Global denies all other allegations in Paragraph 4.

5.      The allegations in Paragraph 5 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global does not contest that venue is proper in

---

[1] Headings are reproduced as they appear in Plaintiff's Complaint for organizational structure only and are not adopted or admitted by MedX Global.

this district for purposes of this litigation only. MedX Global denies all other allegations in Paragraph

5.

### MEDEX REVIEWS' ESTABLISHED RIGHTS IN THE MEDEX REVIEWS TRADEMARKS

6.    MedX Global denies the allegations in paragraph 6.

7.    MedX Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies these allegations.

8.    MedX Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies these allegations.

9.    MedX Global denies the allegations in paragraph 9.

10.    MedX Global denies the allegations in paragraph 10.

11.    The allegations in Paragraph 11 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global denies the allegations in Paragraph 11.

12.    The allegations in Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global denies the allegations in Paragraph 12.

13.    The allegations in Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global denies the allegations in Paragraph 13.

14.    The allegations in Paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global denies the allegations in Paragraph 14.

15.    MedX Global admits only that the USPTO's public TSDR database contains the records referenced in paragraph 15, and denies the remaining allegations, including any characterization of Plaintiff's rights, services, or use.

16.    MedX Global admits only that the USPTO's public TSDR database contains the records referenced in paragraph 16 and denies all other allegations in paragraph 16.

17.     MedX Global admits only that the USPTO's public TSDR database contains the records referenced in paragraph 17, and denies the remaining allegations, including any characterization of Plaintiff's rights, services, or use.

18.     MedX Global admits only that the USPTO's public TSDR database contains the records referenced in paragraph 18 and denies all other allegations in paragraph 18.

19.     MedX Global admits only that the USPTO's public TSDR database contains the records referenced in paragraph 19, and denies the remaining allegations, including any characterization of Plaintiff's rights, services, or use.

20.     MedX Global admits only that the USPTO's public TSDR database contains the records referenced in paragraph 20, and denies the remaining allegations, including any characterization of Plaintiff's rights, services, or use.

21.     MedX Global denies the allegations in paragraph 21.

22.     MedX Global denies the allegations in paragraph 22.

## **MEDX'S INFRINGING ACTIVITIES**

23.     MedX Global admits that the quoted language in Paragraph 23 appears on its website at the URL https://medxglobal.com/#ABOUT. MedX Global denies the remaining allegations in Paragraph 23.

24.     The allegations in Paragraph 24 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global denies the allegations in Paragraph 24.

25.     MedX Global admits to filing U.S. Trademark Application No. 99/342,687 for MEDX GLOBAL CLINICAL ADVISORS and design in connection with "Consulting services concerning legal matters in the medical field" on or about August 18, 2025.

26.    MedX Global admits that it claimed a date of first use for the MEDX GLOBAL CLINICAL ADVISORS composite mark of March 7, 2022. MedX denies the remaining allegations in Paragraph 26.

27.    MedX Global denies the allegations in Paragraph 27.

28.    MedX Global admits it received a copy of the letter that is Exhibit F to the Complaint.

29.    MedX Global admits it responded on August 20, 2025 asserting that "[t]he Company's name [MedX Global Clinical Advisors] and logo are not substantially similar to your [MedEx Reviews] name and logo." MedX Global admits it received a letter from Plaintiff's counsel on August 28, 2025. MedX Global denies the allegation that it did not respond to this later at the time Plaintiff filed the Complaint and denies all other allegations in Paragraph 29.

30.    MedX Global admits it owns the domain name medxglobal.com and has a LinkedIn page for MedX Global Clinical Advisors, LLC. MedX Global denies all other allegations in Paragraph 30.

31.    MedX Global denies the allegations in Paragraph 31.

32.    MedX Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies these allegations.

33.    MedX Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies these allegations.

34.    MedX Global denies the allegations in Paragraph 34.

35.    MedX Global denies the allegations in Paragraph 35.

36.    MedX Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies these allegations.

37.    MedX Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies these allegations.

38.    MedX Global denies the allegations in Paragraph 38.

39.    MedX Global denies the allegations in Paragraph 39.

40.    MedX Global denies the allegations in Paragraph 40.

41.    The allegations in Paragraph 41 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global denies the allegations in Paragraph 41.

42.    MedX Global denies the allegations in Paragraph 42.

43.    MedX Global denies the allegations in Paragraph 43.

44.    MedX Global denies the allegations in Paragraph 44.

45.    MedX Global denies the allegations in Paragraph 45.

46.    MedX Global denies the allegations in Paragraph 46.

47.    The allegations in Paragraph 47 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global denies the allegations in Paragraph 47.

48.    MedX Global denies the allegations in Paragraph 48.

49.    MedX Global denies the allegations in Paragraph 49.

50.    MedX Global denies the allegations in Paragraph 50.

51.    MedX Global denies the allegations in Paragraph 51.

52.    MedX Global denies the allegations in Paragraph 52.

## FIRST COUNT
### (Infringement of Federally Registered Trademarks, 15 U.S.C. § 1114)

53.    MedX Global incorporates by reference its responses to each of the preceding paragraphs of the Complaint.

54.    MedX Global denies the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global denies the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global denies the allegations in Paragraph 56.

57.     MedX Global denies the allegations in Paragraph 57.

58.     MedX Global denies the allegations in Paragraph 58.

59.     MedX Global denies the allegations in Paragraph 59.

60.     MedX Global denies the allegations in Paragraph 60.

61.     MedX Global denies the allegations in Paragraph 61.

62.     MedX Global denies the allegations in Paragraph 62.

63.     MedX Global denies the allegations in Paragraph 63.

64.     MedX Global denies the allegations in Paragraph 64.

65.     MedX Global denies the allegations in Paragraph 65.

66.     MedX Global denies the allegations in Paragraph 66.

67.     MedX Global denies the allegations in Paragraph 67.

## SECOND COUNT
### (Federal Unfair Competition, 15 U.S.C. § 1125(a)(1)(A))

68.     MedX Global incorporates by reference its responses to each of the preceding paragraphs of the Complaint.

69.     The allegations in Paragraph 69 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global denies the allegations in Paragraph 69.

70.     MedX Global denies the allegations in Paragraph 70.

71.     MedX Global denies the allegations in Paragraph 71.

72.     MedX Global denies the allegations in Paragraph 72.

73.    MedX Global denies the allegations in Paragraph 73.

74.    MedX Global denies the allegations in Paragraph 74.

## THIRD COUNT
### (Common Law Trademark Infringement)

75.    MedX Global incorporates by reference its responses to each of the preceding paragraphs of the Complaint.

76.    The allegations in Paragraph 76 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global denies the allegations in Paragraph 76.

77.    The allegations in Paragraph 77 contain legal conclusions to which no response is required. To the extent a response is required, MedX Global denies the allegations in Paragraph 77.

78.    MedX Global denies the allegations in Paragraph 78.

79.    MedX Global denies the allegations in Paragraph 79.

80.    MedX Global denies the allegations in Paragraph 80.

81.    MedX Global denies the allegations in Paragraph 81.

82.    MedX Global denies the allegations in Paragraph 82.

## FOURTH COUNT
### (Unfair Competition Under Texas Law)

83.    MedX Global incorporates by reference its responses to each of the preceding paragraphs of the Complaint.

84.    MedX Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and therefore denies these allegations.

85.    MedX Global denies the allegations in Paragraph 85.

86.    MedX Global denies the allegations in Paragraph 86.

87.    MedX Global denies the allegations in Paragraph 87.

88.    MedX Global denies the allegations in Paragraph 88.

89.     MedX Global denies the allegations in Paragraph 89.

90.     MedX Global denies the allegations in Paragraph 90.

91.     MedX Global denies the allegations in Paragraph 91.

## UNJUST ENRICHMENT

92.     MedX Global incorporates by reference its responses to each of the preceding paragraphs of the Complaint.

93.     MedX Global denies the allegations in Paragraph 93.

94.     MedX Global denies the allegations in Paragraph 94.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

MedX Global denies that Plaintiff is entitled to the relief requested in Plaintiff's prayer for relief and, to the extent that such prayer contains factual allegations relating to MedX Global, such allegations are denied. Plaintiff's prayer for relief should be denied, with prejudice, in its entirety. Plaintiff is not entitled to any relief, including any fees or costs. Plaintiff's allegations of infringement, including its allegations of willful infringement, should be dismissed in their entirety.

## DEFENSES

Further answering the Complaint and as additional defenses thereto, MedX Global asserts the following defenses. MedX Global does not intend hereby to assume the burden of proof with these matters as to which, pursuant to law, Plaintiff bears the burden. MedX Global reserves the right to add additional defenses and/or supplement its defenses as MedX Global learns additional facts.

## FIRST DEFENSE
### (Failure To State a Claim)

Plaintiff fails to state a claim upon which relief can be granted.

9

## SECOND DEFENSE
**(Lack of Standing)**

Plaintiff lacks standing to assert certain claims because it does not own, or does not have exclusive rights in, the alleged marks or the goodwill purportedly associated with them.

## THIRD DEFENSE
**(Non-Infringement)**

MedX Global's use of its name, logo, and other branding materials does not infringe any of Plaintiff's alleged trademark rights under federal or state law because MedX Global's activities are lawful, authorized, and its own marks were independently developed.

## FOURTH DEFENSE
**(No Likelihood of Confusion)**

Plaintiff's federal and state trademark claims are barred because MedX Global's use of its MEDX GLOBAL CLINICAL ADVISORS mark, including its logo and other branding, is not likely to cause confusion, mistake, or deception as to source, sponsorship, affiliation, or approval. The parties' marks differ in appearance, sound, connotation, and overall commercial impression; the composite nature of Plaintiff's asserted marks and the descriptive/generic components therein further distinguish the marks; the parties' trade dress and logos are distinct; and the relevant consumers are sophisticated purchasers of specialized professional services who exercise a high degree of care. MedX Global's clients are predominantly plaintiff's attorneys pursuing personal injury claims for whom MedX Global provides clinical experts, non-clinical experts, nurse case management, and records retrieval. In contrast, Plaintiff's clients are predominantly insurance companies. Any alleged instances of confusion, if proven, are de minimis, isolated, and not indicative of likely confusion.

## FIFTH DEFENSE
**(Priority)**

MedX Global's use of its name and mark is based on a good-faith adoption and independent development of the designation "MEDX GLOBAL CLINICAL ADVISORS," which it began using prior to Plaintiff's attempted expansion of its marks into MedX Global's field or territory.

**SIXTH DEFENSE**
**(Descriptiveness and Crowded Field)**

Plaintiff's asserted marks are conceptually and commercially weak and entitled, at most, to a narrow scope of protection. The dominant terms on which Plaintiff relies—variations of "MedEx," "Med," and "Reviews"—are descriptive, highly suggestive, or generic for medical expert, evaluation, or review services, and are widely used by third parties in the healthcare, legal services, and expert-review fields. To the extent Plaintiff relies on design or composite registrations, any exclusive rights are limited to the registered overall designs and do not extend to the disclaimed or descriptive word elements standing alone.

**SEVENTH DEFENSE**
**(No Nationwide Constructive Rights–Limited Geographic Scope)**

To the extent Plaintiff asserts common-law rights, any such rights—if they exist—are geographically limited to the markets in which Plaintiff can prove use and recognition prior to MedX Global's adoption and use. Plaintiff lacks priority in areas where it did not continuously use or promote its marks before MedX Global's first use and lawful expansion.

**EIGHTH DEFENSE**
**(Descriptive or Fair Use)**

Any use of the term "MedX" by Defendant constitutes descriptive or nominative fair use to describe its own medical-expert services and is therefore non-infringing.

**NINTH DEFENSE**
**(Equitable Bars)**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, and/or other equitable doctrines.

### TENTH DEFENSE
### (Statute of Limitations)

Any claim by Plaintiff is barred, in whole or in part, by the applicable statutes of limitations and/or the doctrine of laches.

### ELEVENTH DEFENSE
### (No Willfulness)

MedX Global adopted and has used its MEDX GLOBAL CLINICAL ADVISORS mark, trade name, and branding in good faith, without intent to trade on any alleged goodwill of Plaintiff and without knowledge of any valid, superior rights of Plaintiff at the time of adoption. Willful infringement is expressly denied.

### TWELFTH DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands, including but not limited to any misleading statements or omissions to the United States Patent and Trademark Office regarding the nature, scope, or exclusivity of Plaintiff's claimed rights; any material mischaracterizations regarding the extent of exclusivity or actual confusion; and any other inequitable conduct related to the procurement or enforcement of the asserted marks.

### THIRTEENTH DEFENSE
### (Abandonment and Lack of Distinctiveness)

On information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged marks lack inherent distinctiveness, have not acquired secondary meaning as to the asserted services, and/or have been abandoned through uncontrolled or inconsistent use.

### FOURTEENTH DEFENSE
### (No Irreparable Harm)

Plaintiff cannot demonstrate irreparable harm, a lack of adequate remedy at law, a balance of hardships in its favor, or that injunctive relief would serve the public interest. Plaintiff is not entitled to injunctive relief under the Lanham Act or equity.

### FIFTEENTH DEFENSE
### (Failure to Mitigate)

Plaintiff's claims for damages are barred or reduced, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate its alleged damages.

### SIXTEENTH DEFENSE
### (No Actual Damages)

Plaintiff cannot prove actual damages proximately caused by any act of MedX Global. Any alleged harm is speculative, not attributable to MedX Global, de minimis, or caused by factors for which MedX Global bears no responsibility.

### SEVENTEENTH DEFENSE
### (No Exceptional Case)

Plaintiff is not entitled to profits, enhanced damages, or attorneys' fees. This is not an "exceptional case" under 15 U.S.C. § 1117(a); any claim for willfulness or enhanced damages is barred.

### EIGHTEENTH DEFENSE
### (Preemption)

Plaintiff's state-law claims are preempted or otherwise duplicative of its Lanham Act claims, fail to identify any independent wrongful conduct beyond alleged trademark infringement, and are barred to the extent they seek remedies inconsistent with federal trademark law.

### NINETEENTH DEFENSE
### (Geographic and Channel Separation)

Plaintiff's claims are barred or limited to the extent there is no meaningful overlap in actual channels of trade, customers, or geographic markets, and to the extent MedX Global's use is

confined to channels and markets distinct from those in which Plaintiff can prove protectable rights and goodwill.

## TWENTIETH DEFENSE
### (Innocent Infringement)

To the extent any infringement might be found, MedX Global is, at minimum, an innocent infringer, and monetary and equitable remedies are barred or must be limited accordingly under the Lanham Act and equity.

## TWENTY-FIRST DEFENSE
### (No False or Misleading Statements)

Plaintiff's false designation and unfair competition claims fail because MedX Global has not made false or misleading statements of fact in commercial advertising or promotion, nor statements likely to deceive a substantial segment of consumers, nor any statements causing injury within the meaning of 15 U.S.C. § 1125(a).

## MEDX GLOBAL'S COUNTERCLAIMS

Defendant-Counterclaim Plaintiff MedX Global ("MedX Global"), by and through its undersigned counsel, brings the following counterclaims against Plaintiff-Counterclaim Defendant MedEx Reviews ("MedEx Reviews" or "Plaintiff"). MedX Global alleges as follows:

1.	The counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the trademark laws of the United States as set forth in Title 15 of the United States Code.

2.	Plaintiff MedEx Reviews has alleged that it is a corporation organized and existing under the laws of the state of Texas, with its principal place of business located at 4010 Mount Vernon Avenue, Sugar Land, Texas 77479.

3.      This Court has jurisdiction over these counterclaims pursuant to 15 U.S.C. § 1119 and 28 U.S.C. 2201(a). This Court has personal jurisdiction over Plaintiff MedEx Reviews. Plaintiff MedEx Reviews is a limited liability company organized under the laws of Texas and with its principal place of business in Texas, meaning that it is subject to general personal jurisdiction in Texas. MedEx Reviews has consented to venue in this District by bringing this action against MedX Global, and thus venue for MedX Global's counterclaims is proper in this District. Further, Plaintiff MedEx Reviews has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over MedEx Reviews would not offend traditional notions of fair play and substantial justice. MedEx Reviews regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue in this District and the State of Texas.

4.      Plaintiff MedEx Reviews has alleged that venue is proper in this District under 28 U.S.C. § 1391 and MedX Global does not dispute that allegation for purposes of this litigation.

## MEDX GLOBAL'S ESTABLISHED TRADEMARK RIGHTS TO THE MEDX GLOBAL CLINICAL ADVISORS MARK

5.      MedX Global Clinical Advisors, LLC is a professional consulting firm that provides strategic medical-legal advisory services to predominantly to law firms involved in litigation and complex claims. Its core work involves identifying, vetting, and managing medical experts; analyzing clinical issues that arise in legal disputes; and assisting counsel in case strategy and expert preparation.

6.      MedX Global's services emphasize consultation and coordination in a range of legal capacities to include independent testimony in legal cases, not limited to medical file review or utilization review. Instead, it operates as a specialized advisory partner that connects attorneys

15

with credentialed medical professionals and delivers analytical support for courtroom and settlement strategy.

7.    The company was founded and began offering services under the MedX Global Clinical Advisors name in early 2022. From the outset, it positioned itself as a national consultancy designed to fill the gap between law firms and the medical community for expert testimony and clinical insight.

8.    MedX Global is headquartered in Houston, Texas, but provides services to clients across the United States. Its physicians and consultants serve clients remotely and on-site, giving the company a broad professional reach.

9.    MedX Global's clients are predominantly plaintiff's attorneys pursuing personal injury claims for whom MedX Global provides clinical experts, non-clinical experts, nurse case management, and records retrieval. These clients are experienced professionals who select vendors carefully and rely on reputation, expertise, and performance—factors that eliminate any meaningful risk of confusion among service providers. In contrast, Plaintiff's clients are predominantly insurance companies.

10.    MedX Global has continuously used the MEDX GLOBAL CLINICAL ADVISORS mark since its launch in 2022. The mark appears on engagement letters, proposals, expert directories, and digital media, consistently identifying MedX Global as the single source of its advisory services.

11.    MedX Global conducts business primarily through its website, www.medxglobal.com, where it highlights its physician network, consulting capabilities, and client-focused approach. The site prominently features the MedX Global Clinical Advisors mark and logo in all branding.

16

12.    The MedX Global Clinical Advisors mark uses a distinctive orange-and-gray color palette with a stylized "X" design that conveys a modern, technology-driven identity. This presentation is unique within the medical-legal services industry and visually distinct from the blue-and-green heartbeat-wave design associated with MedEx Reviews' marks.

    

13.    Through sustained marketing, conference participation, and word-of-mouth referrals, MedX Global has become recognized among law-firm and medical professionals as a trusted provider of clinical-advisory and expert-placement services. Its mark symbolizes reliability and specialized expertise in litigation and legal consulting.

14.    The MedX Global Clinical Advisors mark is inherently distinctive in its composite form and has acquired further distinctiveness through years of exclusive, uninterrupted use and widespread recognition among its target professional audience.

15.    MedX Global's adoption and use of its mark were independent and in good faith, made without reference to or knowledge of MedEx Reviews' existence or claimed marks. MedX Global selected its name to reflect the global scope and advisory focus of its business—not to evoke or resemble any other entity.

16.    On August 18, 2024, MedX Global filed U.S. Trademark Application No. 99/342,687 for the mark MEDX GLOBAL CLINICAL ADVISORS (stylized) covering "consulting services concerning legal matters in the medical field," claiming first use in commerce on March 7, 2022. The application remains pending before the USPTO, and MedX Global continues to expand the goodwill associated with the mark through lawful, nationwide use.

## MEDEX REVIEWS, LLC'S BUSINESS AND MEDEX REVIEWS MARK

17.     Plaintiff MedEx Reviews, LLC is a Texas company, with its principal place of business located in Sugar Land, Texas. According to its website, MedEx Reviews provides medical-expert peer reviews, CME/IME services, nurse chronologist work, life-care-planning, billing and coding specialization, and counter-affidavits, operating through a network of medical experts located "throughout the United States."

18.     MedEx Reviews claims ownership of the following registered composite marks:

    a.   U.S. Registration No. 7,585,043 for the stylized mark "MEDEX REVIEWS, LLC" featuring the word MEDEX next to a circular outline containing a heartbeat-wave design, followed by the words "REVIEWS, LLC"; and

    b.   U.S. Registration No. 7,585,041 for a similar composite design.

Both registrations disclaim exclusive rights to the wording "REVIEWS, LLC."

19.     The MedEx Reviews marks are **composite design marks**, not standard-character word marks. Their protection is limited to the specific stylized lettering and heartbeat-wave graphic depicted in the registrations.

20.     The dominant textual element "MedEx" is a widely used abbreviation for "medical experts" or "medical examination," appearing in the names of numerous unrelated healthcare, logistics, and consulting entities across the United States.

21.     The addition of the term "Reviews" merely describes Plaintiff's services, which consist of conducting medical reviews and evaluations. As such, "MedEx Reviews" is descriptive or generic of the very services offered.

22.     The overall appearance and impression of the MedX Global Clinical Advisors mark differ materially from the MedEx Reviews marks. MedX Global's mark uses an orange-and-gray

18

color scheme, a stylized "X" element, and the additional wording "GLOBAL CLINICAL ADVISORS," while the MedEx Reviews mark uses green-and-blue text, a circle design with a heartbeat line, and the descriptive term "REVIEWS." The parties' marks are visually, phonetically, and conceptually distinct.

23.     MedX Global and MedEx Reviews operate in different segments of the industry. MedX Global provides high-level consulting and expert-placement services for complex litigation, typically for plaintiff's attorneys pursuing personal injury claims, while MedEx Reviews focuses on providing records review services for insurance providers. Their respective clientele are sophisticated professionals who purchase services based on experience, qualifications, and professional relationships—not on name recognition alone.

24.     Because of these distinctions in appearance, wording, and marketplace context, there is no likelihood of confusion between the parties' marks as to source, sponsorship, or affiliation.

25.     The limited scope of Plaintiff's rights, combined with the descriptive nature of "MedEx Reviews," means its registrations are entitled only to narrow protection. To the extent they claim exclusivity in "MedEx" or any similar abbreviation, those claims are invalid because "MedEx" is descriptive and commonly used by third parties.

26.     On information and belief, MedEx Reviews has not consistently used the precise stylized designs shown in its registrations across all marketing materials, and has instead used differing fonts and layouts, weakening any claim of distinctiveness and supporting cancellation or restriction of its registrations.

27.     MedEx Reviews has sought to expand the scope of its asserted rights by demanding that MedX Global cease using its own lawful mark and by filing a Letter of Protest with the USPTO

attempting to block MedX Global's pending trademark application. These actions were undertaken to suppress legitimate competition.

28.     On July 23, 2025, counsel for MedEx Reviews, LLC sent a cease-and-desist letter to MedX Global Clinical Advisors, LLC alleging that MedX Global's use of its name and domain infringed MedEx Reviews' trademarks and demanding that MedX Global cease all use of "MedX" in its business and marketing.

29.     On or about August 19, 2025, MedX Global, through counsel, responded to Plaintiff's allegations, explaining that MedX Global had independently adopted and lawfully used its name and mark, that the parties' branding and clientele were distinct, and that no likelihood of confusion existed.

30.     On August 28, 2025, Plaintiff's counsel issued a second cease-and-desist letter, repeating infringement allegations and threatening legal action if MedX Global did not discontinue use of its mark and abandon its trademark application.

31.     On September 23, 2025, MedX Global's counsel formally responded to the August 28 letter, again denying infringement, reaffirming its rights in the MEDX GLOBAL CLINICAL ADVISORS mark, and reserving all rights and remedies against MedEx Reviews' accusations.

32.     As a result of Plaintiff's overreaching and false enforcement efforts, an actual, justiciable controversy exists concerning the parties' respective rights and the validity of the Plaintiff's trademark registrations. Resolution of these disputes through declaratory and ancillary relief is necessary to clarify the parties' rights and prevent further harm to MedX Global.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT (15 U.S.C. §§ 1114, 1125(A); 28 U.S.C. §§ 2201–2202)

33.     MedX Global incorporates by reference the foregoing paragraphs of this pleading as if fully set forth herein.

34.     An actual and immediate controversy exists between MedX Global and Plaintiff MedEx Reviews regarding whether MedX Global's use of its MEDX GLOBAL CLINICAL ADVISORS mark, name, logo, and domain name medxglobal.com infringes any rights asserted by Plaintiff to the MedEx Reviews composite marks.

35.     Plaintiff-Counterclaim Defendant has alleged that MedX Global's mark "MEDX" or "MEDX GLOBAL CLINICAL ADVISORS" is confusingly similar to MedEx Reviews' composite "MEDEX REVIEWS" design marks (U.S. Reg. Nos. 7,585,041 & 7,585,043) and has asserted federal and state infringement claims.

36.     MedX Global denies those allegations. Its mark differs in spelling, sound, appearance, and commercial impression; uses a distinct orange-and-gray color scheme and stylized logo; and appears with the additional wording "GLOBAL CLINICAL ADVISORS."

37.     MedX Global provides consulting and expert-witness coordination services nationwide to law firms, a market distinct from the peer-review and nurse-consulting and insurance-consulting services advertised by MedEx Reviews on medexreviews.com.

38.     Purchasers of both parties' specialized professional services are sophisticated professionals who exercise a high degree of care, minimizing any potential for confusion.

39.     Since its founding in 2022, MedX Global has operated continuously under its name and mark with no credible reports of actual confusion.

40.     MedX Global adopted its mark in good faith and without intent to trade on any alleged goodwill of MedEx Reviews.

41.     Accordingly, MedX Global's use of its mark does not infringe any valid trademark rights of MedEx Reviews under 15 U.S.C. §§ 1114 or 1125(a).

42.     MedX Global therefore seeks a declaration under 28 U.S.C. § 2201 that its mark and related branding are non-infringing and lawful, together with such further relief as the Court deems proper under 28 U.S.C. § 2202.

## COUNT II – DECLARATORY JUDGMENT THAT PLAINTIFF'S ASSERTED RIGHTS ARE NARROW AND DO NOT EXTEND TO DESCRIPTIVE/GENERIC WORD ELEMENTS

43.     MedX Global incorporates by reference the foregoing paragraphs of this pleading as if fully set forth herein.

44.     MedEx Reviews' asserted registrations, U.S. Reg. Nos. 7,585,041 and 7,585,043, cover design/composite marks, not word marks, and the word components "MedEx" and "Reviews" are descriptive of medical-expert review services.

45.     "MedEx" is widely used in the healthcare and legal-medical industries as shorthand for "Medical Experts" or "Medical Examination," and "Reviews" directly describes the nature of Plaintiff's services.

46.     Numerous unrelated businesses employ "MedEx" in their names, demonstrating that the term is not uniquely associated with MedEx Reviews.

47.     The registrations at issue expressly disclaim exclusive rights to the wording "REVIEWS, LLC." The USPTO required, and Plaintiff accepted, this disclaimer as a condition of registration, confirming that the descriptive components of its composite designs—namely "MedEx," "Reviews," and "LLC"—are not independently protectable and cannot, standing alone, form the basis for a likelihood-of-confusion claim or any assertion of exclusive rights against MedX Global. Plaintiff's enforceable rights, if any, extend only to the overall stylized designs depicted in its registrations, not to the disclaimed or descriptive word elements.

48.     The registered marks are protected, if at all, only in their specific stylized and composite forms. The stylization, graphic elements, and overall design—not the disclaimed or descriptive word components—define the narrow scope of any enforceable rights.

49.     MedEx Reviews nonetheless asserts exclusive rights in "MedEx" and has demanded that MedX Global abandon lawful use of "MedX Global Clinical Advisors," exceeding the limited scope of its registrations.

50.     MedX Global therefore seeks a declaration that (a) MedEx Reviews' rights are confined to the specific composite designs registered; (b) the words "MedEx" and "Reviews" are descriptive or generic; and (c) MedX Global's use of MEDX GLOBAL CLINICAL ADVISORS does not infringe any such limited rights.

## COUNT III – CANCELLATION OF U.S. REG. NOS. 7,585,041 AND 7,585,043 (IN WHOLE OR IN PART) (15 U.S.C. §§ 1064, 1119)

51.     MedX Global incorporates by reference the foregoing paragraphs of this pleading as if fully set forth herein.

52.     Each of the asserted registrations identifies services in Class 45 for expert-witness and medical-review consulting.

53.     The word components "MedEx Reviews" are descriptive or generic for those services and lacked secondary meaning at the time of filing.

54.     Third-party and industry uses of similar medical-abbreviation terminology demonstrate a crowded field and minimal distinctiveness.

55.     On information and belief, MedEx Reviews has not continuously used the precise composite designs depicted in its registrations in all the ways claimed and has abandoned or failed to maintain use for certain listed services.

56.     Because the registrations are overbroad and were issued in whole or in part for descriptive, non-distinctive matter, rectification of the Register is warranted.

57.     On information and belief, Plaintiff has discontinued use of the precise composite designs shown in its registrations, has replaced or materially altered those designs in commerce, or has failed to exercise adequate control over the nature and quality of the services offered under the marks. Such nonuse, material alteration, or lack of quality control constitute abandonment under 15 U.S.C. § 1127 and provide an additional, independent basis for cancellation under 15 U.S.C. §§ 1064 and 1119.

58.     Because U.S. Registration Nos. 7,585,041 and 7,585,043 issued in December 2024, they are less than five years old and remain subject to challenge on the grounds of descriptiveness, lack of secondary meaning, abandonment, and overbreadth under 15 U.S.C. § 1064. Accordingly, all pleaded grounds for cancellation are timely and legally cognizable.

59.     Under 15 U.S.C. §§ 1064 and 1119, MedX Global seeks an order directing the cancellation or restriction of U.S. Reg. Nos. 7,585,041 and 7,585,043 to prevent MedEx Reviews from asserting rights broader than permitted by law.

**COUNT IV – DECLARATORY AND ANCILLARY RELIEF REGARDING REGISTRABILITY OF MEDX GLOBAL CLINICAL ADVISORS (15 U.S.C. § 1119; 28 U.S.C. §§ 2201–2202)**

60.     MedX Global incorporates by reference the foregoing paragraphs of this pleading as if fully set forth herein.

61.     MedX Global filed U.S. Application No. 99/342,687 for the mark MEDX GLOBAL CLINICAL ADVISORS (stylized in orange and gray) for "consulting services concerning legal matters in the medical field," claiming first use on March 7, 2022.

62.     MedEx Reviews filed a Letter of Protest with the USPTO seeking to block that application, asserting likelihood-of-confusion with its own registrations.

63.     The parties' marks differ substantially in overall design, color, and composition; MedX Global's mark contains the additional wording "GLOBAL CLINICAL ADVISORS" and conveys a distinct commercial impression.

64.      "MEDEX" is descriptive of "medical experts." MedX Global's use is non-confusing and lawful and is not simply shorthand for medical experts.

65.     A concrete dispute exists regarding registrability and scope of rights that is ancillary to the infringement claims before this Court.

66.     MedX Global requests a declaration under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 that its application is registrable and that no likelihood of confusion exists with MedEx Reviews' asserted marks.

## COUNT V – DECLARATORY RELIEF REGARDING REGISTRABILITY OF PLAINTIFF'S PENDING TRADEMARK APPLICATIONS (15 U.S.C. § 1119; 28 U.S.C. §§ 2201–2202)

67.     MedX Global incorporates by reference the foregoing paragraphs of this pleading as if fully set forth herein.

68.     An actual and justiciable controversy exists between MedX Global and Plaintiff concerning Plaintiff's right to register the marks that are the subjects of U.S. Application Serial Nos. 99/350,541 ("MEDEX REVIEWS") and 99/351,141 ("MEDEX"), filed by MedEx Reviews, LLC.

69.     The parties each provide professional services in the broader medical-legal consulting industry but operate in distinct segments of that field. Plaintiff has nevertheless asserted that its pending trademark applications give it exclusive rights to use the term "MedEx" and that MedX Global's continued use of its own name infringes those claimed rights, thereby creating an actual controversy regarding registrability and entitlement to exclusive use.

70.     Under 15 U.S.C. § 1119 and the Declaratory Judgment Act (28 U.S.C. §§ 2201–2202), this Court has authority to determine the right to registration and to declare that the marks sought to be registered by Plaintiff are not registrable under the Lanham Act.

71.     Plaintiff's applied-for marks MEDEX REVIEWS and MEDEX are generic, merely descriptive, and fail to function as trademarks because they directly describe the nature of the services—medical expert or examination reviews—without identifying a single commercial source, in violation of 15 U.S.C. § 1052(e)(1).

72.     The applications also contain inaccurate statements regarding the scope and extent of use in commerce, further demonstrating that the claimed marks are not entitled to registration.

73.     MedEx Reviews' applications, if allowed to proceed, would improperly preclude MedX Global and other market participants from using descriptive terminology necessary to identify lawful medical-legal consulting services.

74.     Accordingly, MedX Global seeks a declaration that U.S. Application Serial Nos. 99/350,541 and 99/351,141 are unregistrable and that MedEx Reviews is not entitled to registration of the marks MEDEX REVIEWS or MEDEX.

75.     MedX Global further requests that the Court, pursuant to 15 U.S.C. § 1119, direct the United States Patent and Trademark Office to take all actions consistent with such declaration, including refusal of registration and amendment of its records to reflect the Court's determination.

**COUNT VI – DECLARATORY RELIEF REGARDING EQUITABLE LIMITATIONS, OVERREACHING ENFORCEMENT AND/OR BAD-FAITH TRADEMARK ENFORCEMENT**

76.     MedX Global incorporates by reference the foregoing paragraphs of this pleading as if fully set forth herein.

77.     An actual and immediate controversy exists between MedX Global and Plaintiff MedEx Reviews regarding whether MedX Global's use of its MEDX GLOBAL CLINICAL

ADVISORS mark, name, logo, and domain name medxglobal.com infringes any rights asserted by Plaintiff to the MedEx Reviews composite marks.

78.     MedX Global seeks a declaration that Plaintiff is not entitled to relief because Plaintiff's asserted trademark claims are subject to equitable limitations, including unclean hands, overreaching enforcement, misuse, and/or bad-faith enforcement of trademark rights, including, but not limited to, filing the above-mentioned Letter of Protest and sending cease-and-desist letters, and that Plaintiff may not use the Lanham Act to expand rights beyond the lawful scope of any protectable interest. In addition, should MedX Global prevail, this conduct supports a finding that this is an exceptional case under 15 U.S.C. § 1117(a) and that MedX Global is entitled to an award of its reasonable attorney fees.

## JURY TRIAL DEMANDED

79.     MedX Global hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38 on all issues triable of right to a jury.

## PRAYER FOR RELIEF ON COUNTERCLAIMS

80.     MedX Global respectfully requests that the Court:

a.   Declare that MedX Global's marks and activities do not infringe any rights of MedEx Reviews;

b.   Declare that Plaintiff MedEx Reviews' asserted marks are descriptive, generic, or invalid in whole or part;

c.   Order the cancellation of U.S. Reg. Nos. 7,585,041 and 7,585,043;

d.   Declare that MedX Global's Application No. 99/342,687 is registrable and not confusingly similar to any valid mark of MedEx Reviews;

e.  Declare that Plaintiff's Application Nos. 99/350,541 and 99/351,141 are unregistrable and that MedEx Reviews is not entitled to registration of the marks MEDEX REVIEWS or MEDEX;

f.  Award MedX its reasonable attorneys' fees and costs incurred in defending against Plaintiff's Lanham Act claims and prosecuting these counterclaims pursuant to 15 U.S.C. § 1117(a); and

g.  Grant such other relief, including costs and attorneys' fees, as the Court deems just and proper.

Dated: December 1, 2025

McKool Smith, P.C.

/s/ *Christian Hurt*
Christian Hurt
Texas State Bar No. 24059987
churt@McKoolSmith.com
Bradley D. Jarrett
Texas State Bar No. 24128518
bjarrett@McKoolSmith.com
McKool Smith, P.C.
300 Crescent Court
Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Joshua J. Newcomer
Texas State Bar No. 24060329
jnewcomer@McKoolSmith.com
McKool Smith, P.C.
600 Travis Street
Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

**ATTORNEYS FOR DEFENDANT
MEDX GLOBAL CLINICAL
ADVISORS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on December 1, 2025.

/s/ *Christian Hur*t
Christian Hurt